UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELEN SWARTZ, Individually,

        Plaintiff,

vs.

400 TIMES SQUARE ASSOCIATES, LLC, a Delaware Limited Liability Corporation, POD TIMES SQUARE, LLC, a New York Limited Liability Company, POD TS F&B, LLC, a New York Limited Liability Company, and POD TS F&B MAJOR MANAGEMENT LLC, a New York Limited Liability Company,

        Defendant.

Case No.: 1:25-cv-25-6787

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, individually, on her behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendants, 400 TIMES SQUARE ASSOCIATES, LLC, a Delaware Corporation, POD TIMES SQUARE, LLC, a New York Limited Liability Company, POD TS F&B, LLC, a New York Limited Liability Company, and POD TS F&B MAJOR MANAGEMENT LLC, a New York Limited Liability Company, for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and additionally for damages pursuant to N.Y. Exec. Law Section 296, et seq. and New York Civil Rights Law § 40, et seq.

## COUNT I

1. The Pod Times Square hotel is located at 400 West 42nd Street, New York, NY,

10036 (hereafter referred to as the property, subject property, or hotel).

2.      Defendants own and/or operate the subject property.

3.      Venue is properly located in the Southern District of New York because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from a Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202. The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

5.      Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Ms. Swartz has multiple sclerosis, is mobility impaired, and uses an electric scooter to ambulate.

6.      Helen Swartz was born and raised in New York City and visits the New York area an average of five times a year to see shows, eat at facilities, visit family and friends, get her hair cut, and to shop at stores.  Her younger daughter lives and works in Greenwich Village, her father lives in Great Neck, her brother lives on the upper West Side and her first cousins reside in New York City.  When Ms. Swartz is in New York City, her eldest daughter and granddaughter often take the train from Philadelphia to New York to meet her. Ms. Swartz dines out with friends and family every time she is in New York.

7.      Plaintiff stayed at the Defendants' hotel from June 18, 2025, through June 23, 2025, and had booked a mobility accessible room with a roll-in shower.

8.      Helen Swartz plans to return to the subject property to stay as a guest of the hotel

on December 10, 2025, if the if the property is made accessible by then.

9. The Plaintiff also wishes to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected.

10. There were numerous violations of the Americans with Disabilities Act present at the Defendants' hotel, all of which Ms. Swartz personally observed and/or experienced. These barriers to access impaired her use of the facilities and the amenities offered, and endangered her safety at the facilities and her ability to access the facilities and use the restrooms.

11. Defendant 400 TIMES SQUARE ASSOCIATES, LLC, owns, leases, leases to, or operates a place of public accommodation known as the Pod Times Square hotel, located at 400 West 42nd Street, New York, NY, 10036.

12. Defendant POD TIMES SQUARE, LLC, owns, leases, leases to, or operates a place of public accommodation known as the Pod Times Square hotel, located at 400 West 42nd Street, New York, NY, 10036.

13. Defendant POD TS F&B, LLC, owns, leases, leases to, or operates a place of public accommodation known as the Pod Times Square hotel, located at 400 West 42nd Street, New York, NY, 10036.

14. Defendant POD TS F&B MAJOR MANAGEMENT LLC, owns, leases, leases to, or operates a place of public accommodation known as the Pod Times Square hotel, located at 400 West 42nd Street, New York, NY, 10036.

15. The Pod Times Square hotel is a public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA.

16. Construction of Defendants' hotel was completed in or after 2014.

17. Based upon the hotel's construction date, the hotel is subject to the 2010 ADA Accessibility Guidelines.

18. Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations set forth in this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants.

19. Helen Swartz has visited the subject property and desires to visit the subject property in the near future, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

20. The Defendants have discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

21. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

22. A preliminary inspection of the subject property has shown that the following violations exist:

4

23. The hotel does not provide the required number of compliant mobility accessible guest rooms (including the required amount of guest rooms with roll-in showers).

24. Specifically, the hotel has 665 regular guest rooms (Bunk Pods, Full Pods, and Queen Pods) and 45 Pod Pads (larger suites).

25. Based upon the total number of guest rooms, the hotel should have at least 21 mobility accessible guest rooms, at least 14 of which have accessible tubs, and at least 7 of which have roll-in showers.

26. This is in violation of section 224 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable.

27. The hotel's accessible rooms are not dispersed among the various classes of accommodations.

28. While the hotel offers various room types with bunk beds (Bunk Pod), a full bed (Full Pod), and a queen bed (Queen Pod), the only mobility accessible rooms available have full beds (Full Pod).

29. Moreover, larger rooms (Pod Pads) which are mobility accessible are not offered by the hotel.

30. This is in violation of section 224 of the 2010 Standards for Accessible Design, 28 CFR §36.304, whose resolution is readily achievable.

31. The accessible features of the facility are not maintained.

32. This creates barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211, whose resolution is readily achievable.

33. In the hotel lobby, the check in counter is more than 38 inches high, and there is no lowered section at least 24 inches wide for use by disabled individuals.

34. This makes it difficult for a person in a wheelchair or scooter to access, and is in violation of section 904.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

35. The closet rod in the hotel's accessible guest room 611 is mounted in excess of 48 inches high.

36. Same makes it difficult for the Plaintiff to reach in violation of section 308.3.1 and 308.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

37. There is no clear floor space of 30 inches by 48 inches on both sides of the bed in the hotel's accessible guest room 611.

38. This makes it difficult for the Plaintiff to get on and off of the bed, in violation of sections 806.2.3 and 305 of the ADA Standards, whose resolution is readily achievable.

39. The door to accessible guest room 611 requires more than 5 pounds of force to open.

40. Same makes it difficult or impossible for a disabled person in a wheelchair to open, and is in violation of section 404.2.9 of the 2010 Standards for Accessible Design, whose resolution is readily achievable.

41. The window controls in the hotel's accessible guest room 611 were mounted outside of the obstructed forward reach range.

42. Same makes it difficult or impossible for a disabled person in a wheelchair or scooter to reach, and is in violation of section 308.2.2 of the 2010 Standards for Accessible Design, whose resolution is readily achievable.

43. The window controls in the hotel's accessible guest room 611 required tight twisting of the wrist to operate.

44. Same makes it difficult or impossible for a disabled person in a wheelchair or

scooter to use, and is in violation of section 309.4 of the 2010 Standards for Accessible Design, whose resolution is readily achievable.

45. The outlet and coat hooks in the hotel's accessible guest room 611 are mounted in excess of 48 inches high.

46. Same makes it impossible for a disabled person in a wheelchair or scooter to reach, and is in violation of section 308.2.2 of the 2010 Standards for Accessible Design, whose resolution is readily achievable.

47. In the hotel's accessible guest room 611, there is an improper beveled change in level in excess of 1/4 inch to enter the guest room's bathroom.

48. Same makes it both difficult and unsafe to enter the bathroom, and is in violation of the 2010 ADA Standards Section 303, whose resolution is readily achievable.

49. In the hotel's accessible guest room 611, there is not 56x60 inches of clear floor space surrounding the toilet, as such clear floor space is blocked by the sink.

50. Same prevents a disabled individual from being able to safely and easily transfer onto and off of the toilet. This is in violation of section 604.3.1 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable.

51. The rear toilet grab bar in the hotel's accessible guest room 611 is less than 36 inches long, and does not extend at least 24 inches from the centerline of the toilet on the open side.

52. This prevents a disabled individual from being able to safely and easily transfer onto and off of the toilet. This is in violation of section 604.5.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable.

53. In the hotel's accessible guestroom 611's bathroom, the shelf containing the towels

is mounted in excess of 48 inches high, and such reach is further obstructed by the toilet.

54. Same makes it impossible for a disabled person in a wheelchair or scooter to reach. This is in violation of section 308.2.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable.

55. The sink in the hotel's accessible guest room 611 has pipes beneath it that are not insulated.

56. This causes a cutting and burning hazard, and is in violation of 2010 ADAAG 606.5, whose resolution is readily achievable.

57. The shower in the hotel's accessible guest room 611 is improperly configured, whether as a standard roll-in type shower, an alternate roll-in type shower, or a transfer type shower.

58. This makes it difficult for the Plaintiff to use the shower, and is in violation of 2010 ADAAG 608, whose resolution is readily achievable

59. While the handheld shower spray unit in the hotel's accessible guest room 611 is mounted on an adjustable rack, the unit was left in excess of 48 inches by the housekeeping staff prior to Plaintiff's stay.

60. Same makes it difficult or impossible for a disabled person in a wheelchair or scooter to reach. This is in violation of section 308.2.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable.

61. The operable mechanisms of the soap and shampoo dispensers in the hotel's accessible guest room 611 are mounted in excess of 48 inches high.

62. Same makes it difficult or impossible for a disabled person in a wheelchair or scooter to reach. This is in violation of section 308.2.2 of the 2010 Standards for Accessible Design.

28 CFR §36.304, whose resolution is readily achievable.

63. The handheld shower spray unit in the hotel's accessible guest room 611 does not have an on/off control with a non-positive shut off.

64. This is in violation of section 607.6 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable.

65. There was no accessible seating at the hotel's restaurant.

66. Same prevents a person in a wheelchair from comfortably dining at the restaurant, and is in violation of the 2010 ADA Standards, Section 226.1 and 306, whose resolution is readily achievable.

67. There is no accessible seating at the hotel restaurant's bar.

68. Same prevents a person in a wheelchair or scooter from accessing the bar, and is in violation of the 2010 ADA Standards, Section 226.1, 226.2, and 306, whose resolution is readily achievable.

69. In the hotel's public accessible restroom, the centerline of the wheelchair accessible toilet is more than 18 inches from the side wall.

70. Same prevents a person in a wheelchair or scooter from safely transferring onto and off of the toilet, and is in violation of the 2010 ADA Standards, Section 604.2, whose resolution is readily achievable.

71. In the hotel's public accessible restroom, the bottom edge of the reflecting surface of the mirror above the lavatories is mounted in excess of 40 inches high.

72. Same prevents a person in a wheelchair or scooter from being able to use same, and is in violation of the 2010 ADA Standards, Section 603.3, whose resolution is readily achievable.

73. In the hotel's public accessible restroom, the rim/counter of the sink is mounted in

excess of 34 inches high.

74. Same makes it difficult for a person in a wheelchair or scooter to access, and is in violation of the 2010 ADA Standards, Section 606.3, whose resolution is readily achievable.

75. In the hotel's public accessible restroom, there is not proper knee and toe clearance under the lavatory.

76. Same makes it difficult for a person in a wheelchair or scooter to access the lavatory, and is in violation of the 2010 ADA Standards, Section 606.2, 306, whose resolution is readily achievable.

77. In the hotel's public accessible restroom, the soap dispenser is mounted in excess of 48 inches high. Same prevents a disabled individual from reaching same. This is in violation of section 308 of the 2010 Standards for Accessible Design, whose resolution is readily achievable.

78. It is believed that the other mobility accessible guest rooms in the subject property contain similar violations of the Americans with Disabilities Act.

79. The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

80. The discriminatory violations described above are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated

against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

81. Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

82. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney=s fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

83. Defendants are required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed

prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

84. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter OYO Times Square to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cures its violations of the ADA. The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to

and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendants to maintain its accessible features.

      c.     An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

      d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW YORK CIVIL RIGHTS LAW

85.    Plaintiff realleges all prior allegations as if fully set forth herein.

86.    New York Law provides that it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or *disability* or marital status of any person, directly or indirectly..... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof........N.Y. Exec. Law Section 296(2)(a).

87.    For the purposes of the foregoing paragraph, "discriminatory practice" includes:

13

  A. A refusal to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodation to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

  B. A refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such a person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden; and

  C. A refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities......, where such removal is readily achievable......N.Y. Exec. Law Section 296(2)(c).

88. Pursuant to N.Y. Exec. Law Section 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages."

89. Due to Defendants' discrimination and failure to provide accessibility by removing barriers to access at its property as discussed in this Complaint, Plaintiff suffered emotional distress, humiliation, mental anguish and other injuries.

90. A place of public accommodation "shall be deemed to include ... hotels," N.Y. Civ. Rights Law §40.

91. New York law mandates, "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation...." N.Y. Civ. Rights Law §40.

92. Defendants' property is a place of public accommodation as defined in §40.

93. N.Y. Civ. Rights Law §41 states, "Any person who or any agency, bureau, Corporation or association shall violate any provisions of sections forty, forty-a, forty-b or forty-two or incite the violation of any said provisions…shall for each and every violation thereof be

14

liable to a penalty of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) to be recovered by the person aggrieved…thereby in any court of competent jurisdiction in the county in which the plaintiff or the defendants shall reside… also, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor."

94. Plaintiff visited Defendants' property and encountered the discriminatory barriers discussed in this Complaint and seeks minimum statutory damages under §41.

95. By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendant, has, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, Swartz, because of her disability, the full enjoyment of its property.

96. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award Helen Swartz statutory damages pursuant to N.Y. Civ. Rights Law §41, and compensatory damages pursuant to N.Y. Exec. Law Section 297(9) and award Plaintiff's attorney's fees, costs and expenses incurred prosecuting this action.

Dated: August 15, 2025            Respectfully submitted,

<u>/s/ Brandon Rotbart</u>
Brandon A. Rotbart, Esq.
LAW OFFICE OF BRANDON A. ROTBART, P.A.
11098 Biscayne Blvd., Suite 401-18
Miami, FL 33161
Phone: (305) 350-7400
rotbart@rotbartlaw.com
*Counsel for Plaintiff Helen Swartz*